WRight, J.,
delivered the opinion of the Court.
This is an action on the case for verbal slander. The words proven on the trial were these: “ You hired Esquire Bellamy to give a false judgment in your favor; you gave said Bellamy forty bushels of corn to give the false judgment in your favor.” These words were spoken by the defendant to the plaintiff, and are, in substance, the same set out in the declaration.
It appears in the proof, that said Bellamy was an acting justice of the peace of Hawkins county, and as such, had tried a suit between Gibbons, the plaintiff; and Michael Tarter, the husband of the defendant; and that these words were spoken in reference to that suit and trial; and the declaration so averred. But the papers in the cause before the magistrate, were not produced or read in evidence on the trial of this cause.
The Circuit Judge instructed the jury, that if the defendant charged the plaintiff with bribing the justice of the peace to give a false judgment- in favor of the plaintiff, for which ■ he gave him forty bushels of corn, this would impute the commission of a felony to the plaintiff, and would be actionable per sc, without reference to, or proof on the part of the plaintiff, of a judicial proceeding before the justice of the peace. The Court further instructed the jury, that if the words proved to have been spoken by the defendant, were that the plaintiff had paid James Bellamy, Esq., to give a false judgment in the plaintiff’s favor, for which he gave him forty bushels of corn; that if the defendant spoke these words in reference to a suit that had been tried by said justice, in which Michael Tarter was plain *646 tiff, and James Gibbons was defendant, and tbe witnesses understood tbe defendant to charge tbe plaintiff with tbe offense of bribery, in procuring said justice to act corruptly in bis office, this would be slander, for wbicb tbe plaintiff would be entitled to damages; but that to entitle tbe plaintiff to a verdict, it would be incumbent on bim to show, by tbe production of tbe original papers, or by accounting for their loss, if tbe fact were so, and then resorting to secondary evidence, that there bad been a suit before said justice between Michael Tarter and James Gibbons, and that said jus* tice bad rendered a judgment in favor of James Gibbons.
In this charge, it is evident tbe Circuit Judge put tbe case upon that rule of law, that whenever tbe actionable quality of tbe publication arises from circumstances extrinsic of tbe words themselves, averments are necessary to show that such circumstances exist, and to connect tbe words with those circumstances. 1 Starkie on Slander, 890. After a careful examination of tbe authorities, we think, in this he erred. It was unnecessary for tbe plaintiff either to allege or prove tbe existence of the trial and judgment before tbe justice. Such an allegation in tbe declaration was wholly useless to tbe plaintiff’s case, and need not be proved; because tbe words spoken contain, in themselves, a direct imputation of embracery, which by tbe penal code of tbe State, is a felony; and are actionable without tbe aid of any extrinsic matter.
Tbe rule laid down in tbe books is, that where tbe slanderous charge or imputation can be collected from the words themselves, it is unnecessary to make any *647 averment as to circumstances, to whose supposed existence the words refer; for the slander, which is the ground of proceeding, appearing on the very face of the publication, it is a matter of indifference as to the cause of action, whether the circumstances referred to, really existed or were invented by the defendant. 1 Starkie on Slander, 392, 393, (2 Eng. Ed., 1830;) Bell vs. Farnsworth, 11 Humph., 608; 2 Greenl. Ev., §§ 412-417. How, the words, “ You hired Esquire Bellamy to give a false judgment in your favor; you gave said Bellamy forty bushels of corn to give the false judgment in your favor,” as it seems to me, do of necessity assume that Bellamy was a justice of the peace; that there had been a trial before him, to which the plaintiff-was a party; and that the plaintiff hired him to give a false and corrupt judgment in his favor. This appears to be the plain and ordinary meaning of the words, and the sense in which they must have been understood by the hearers. If so, they are clearly actionable, and made out the plaintiff’s ease.
Reverse the judgment, and remand the case.